IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  2:21cr170-SRW |
| | ) | |
| CHARLES GREGORY HARDY, JR. | ) | |

FEDERAL RULE OF CRIMINAL PROCEDURE 5(f) ORDER

On October 21, 2020, the Due Process Protections Act, Pub. L. No. 116-182, S. 1380, 116th Cong. (2020) amended Rule 5 of the Federal Rules of Criminal Procedure to require that "[i]n all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present," this court shall issue oral and written orders regarding the obligation of the government under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such orders under applicable law. During the initial appearance in this matter conducted on **May 13, 2021**, the parties were so informed by the court. Accordingly, pursuant to Federal Rule of Criminal Procedure 5(f), it is hereby

ORDERED as follows:

1. The United States shall produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Said production shall occur at a time sufficient for the defendant to make effective use of the exculpatory information. *See e.g., United States v. Jordan*, 316 F.3d 1215, 1251-52 (11th Cir. 2003) and *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1995).

2. The United States is hereby ADVISED that failure to produce such evidence in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the court, or any other consequence set forth in Federal Rule of Criminal Procedure 16(d)(2).

DONE, on this the 17th day of May, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge